THE STATE OF MONTANA EX REL. ARNOLD H. OLSEN, APPELLANT, v. PUBLIC SERVICE COMMISSION, ET AL, AND THE MONTANA POWER COMPANY, RESPONDENTS.

No. 9423.
Submitted November 23, 1954. Decided March 7, 1955.
Rehearing Denied May 11, 1955.
283 Pac. (2d) 602.

102

Arnold H. Olsen, Atty. Gen., C. W. Leaphart, Jr., Asst. Atty. Gen., William F. Crowley, Asst. Atty Gen., for appellant.

T. B. Weir, Helena, James T. Finlen, Robert D. Corette, John C. Hauck, William H. Coldiron, Butte, for Montana Power Co.

James B. Patten, Sec. Counsel, Edwin S. Booth, Helena, for Public Service Commission.

Mr. Wier, Mr. Corette, Mr. Booth, Mr. Olsen and Mr. Leaphart argued orally.

MR. JUSTICE ANGSTMAN:

This action was brought to set aside a schedule of rates and charges for natural gas promulgated by defendant Commission by order No. 2395, Docket No. 4068, and which the complaint al-

leged were unlawful, unreasonable and unjust in particulars specifically alleged.

Defendants filed demurrers to plaintiff's complaint. Plaintiff moved to strike the demurrers as unauthorized by law. The motion was denied.

After the motion to strike was denied, plaintiff filed amendments to the complaint. Demurrers were again filed by defendants to the complaint as amended. After argument the demurrers were sustained without leave to amend and judgment of dismissal followed. This appeal is from the judgment.

The demurrers question the right of Arnold H. Olsen to sue as appears from the face of the amended complaint in that there is not (1) any direction or authorization from the board of examiners, or (2) any direction or instruction from the governor so to do, or (3) any direction or instruction from any board or person having the power so to do, or (4) any provision of the Constitution empowering, authorizing or directing him so to do, or (5) any statute authorizing or directing him to do so, or (6) any authority whatever for him to institute such an action, or (7) any dissatisfaction on the part of the state with the order complained of.

The demurrers assert that the amended complaint discloses that the action was not brought by a party in interest within the meaning of R.C.M., 1947, section 70-128.

The demurrers assert that it appears on the face of the amended complaint that there is a defect in the alleged party plaintiff for want of allegation of any resolution, direction, authorization or instruction from the board of examiners, governor or any board or person having power to confer the authority to file the amended complaint or to institute the action or any Constitution, statute, or common law authorizing the attorney general to file the amended complaint or to institute the action.

Likewise the demurrers challenge the consistency of the attorney general in bringing the action because he is required to advise, represent and defend the public service commission in

any action seeking to question, vacate and set aside any order of the defendant commission.

They also challenge the amended complaint as being ambiguous, unintelligible and uncertain because it fails to disclose in what manner the order complained of is injurious to or against the pecuniary interests of the public users, the State of Montana and the people of Montana.

The complaint as amended so far as material to a consideration of the questions raised by the demurrers contains these allegations:

"That the plaintiff herein is now and at all times mentioned herein was the duly elected, qualified and acting Attorney General of the State of Montana, and has brought and is maintaining the above entitled action in behalf of the State of Montana and the people of Montana, for the purpose of protecting the interests of the State and people of Montana, users of natural gas furnished by the Montana Power Company from an unwarranted, unlawful and unreasonable increase in rates awarded to defendant company by defendant Commission's Order No. 2395 of Docket No. 4068; that the plaintiff Attorney General, State of Montana, and people of Montana are dissatisfied with the unlawful and unreasonable Order No. 2395 of Docket No. 4068 made by defendant Commission's granting and approving the application for increased rates of the defendant company as said schedule of rates, tolls and charges are therein set forth. * * *

"That pursuant to defendant company's petition filed with the defendant Commission and proper notice of public hearing dated May 8, 1953, a public hearing was held in the matter of the application of the defendant company for authority to adopt new rates and charges for natural gas service; that said hearing commenced at 9:30 A.M. on the 27th day of May, 1953, in the House Chamber of the State Capitol Building, Helena, Montana; that at the above mentioned public hearing the plaintiff herein appeared and protested in behalf of the State of Montana and the people of Montana against the increase in rates ap-

plied for by the defendant company; that the plaintiff there asserted and still asserts that the rates granted and sought are adverse to the interests of the State of·Montana and the people of Montana. * * *

"That Order No. 2395 of Docket No. 4068 is injurious to the public users, the State, and people of Montana, and against the pecuniary interests in that by this Order the defendant Company is enabled to obtain from the Montana users an additional revenue of about One Million Four Hundred Thousand Dollars ($1,400,000.00) annually. * * *

"* * * * that said defendant at all times mentioned herein owned, operated and controlled equipment and facilities for the transmission, delivery, furnishing and distribution of natural gas to the public and users in the cities of Cut Bank, Great Falls, Helena, Butte, Livingston, Bozeman, Big Timber, Anaconda, Deer Lodge and other communities in western Montana; further, that defendant company furnished, provided and sold natural gas to a large number of industrial consumers in or near the cities and communities above mentioned, and further that defendant company was at all of said times, and is now, engaged in the business of so transmitting, furnishing, distributing, selling and delivering such natural gas to its patrons in the areas above mentioned under and in accordance with schedules of rates, tolls and charges or contracts therefor duly approved by the defendant Public Service Commission of Montana, and on file therewith as hereinafter alleged and set forth, and in the conduct of said business said company is a 'public utility' within the meaning of Section 70-103, Revised Codes of Montana, 1947 * * *.

"(c) That the tolls, rates and charges awarded defendant company by the defendant commission's order applying to the general Montana user, including the state institutions, are unlawful in that they require from the general customers an excessive rate in comparison with more favored customers and in direct contravention of the laws of the State of Montana."

106

The propriety of the court's ruling on the demurrer depends upon the rights and powers of the attorney general.

What was said in case No. 9417 this day decided has equal application here. The court erred in sustaining the demurrer to the complaint. On the authority of that case, State ex rel. Olsen v. Public Service Comm'n, ...... Mont. ......, 283 Pac. (2d) 594, 12 St. Rep. ......, the judgment is reversed and the cause remanded with directions to set aside the order sustaining and to enter an order overruling the demurrer and allowing defendants a reasonable time to further plead.

MR. CHIEF JUSTICE ADAIR and MR. JUSTICES ANDERSON and BOTTOMLY, concur.

MR. JUSTICE DAVIS, not participating.